IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANN KUHR, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 6357 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| BOARD OF EDUCATION OF THE CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff JoAnn Kuhr has filed an amended complaint against the Board of Education for the City of Chicago alleging discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"). Defendant has moved for summary judgment. For the following the reasons, the court grants defendant's motion.

### **BACKGROUND**[1]

On August 9, 2006, plaintiff interviewed for an open librarian position at John F. Kennedy High School ("Kennedy"). Plaintiff's initial interview was with Kennedy's principal, James Gorecki. Plaintiff was asked to interview a second time, with Assistant Principal Anna Garcia Berlanga.

At the time of these interviews, plaintiff was a 59 year-old female with approximately 25 years of experience working in schools, mainly as a librarian. After interviewing a total of four candidates, Gorecki offered the job to Lori Sanders, whom plaintiff admits was more qualified than she. Sanders initially accepted the position, but after an interaction with the other librarian

---

[1]The following facts, taken from the parties' L.R. 56.1 Statements and Responses, are undisputed.

at Kennedy, withdrew her acceptance. After Sanders withdrew her acceptance, Gorecki continued to look for viable candidates. According to his affidavit, Gorecki did not consider plaintiff a viable candidate because of "her lack of history with the Board [of Education of the City of Chicago], her weak interview responses, the frequency with which she changed jobs, and her lack of ideas for a high school library program." On August 15, 2006, just six days after her last interview, and not knowing whether the position had yet been filled, plaintiff wrote to Gorecki accusing him of discrimination and essentially threatening to sue. Plaintiff sent similar letters to seventeen other schools with whom she had interviewed. It is unclear from the record whether Gorecki ever saw this letter.

In early September, Gorecki was informed that he had to close a teacher position at Kennedy. Earlier that summer he had hired Santo Gutierrez as a full-time teacher. Gutierrez had worked as a substitute teacher at Kennedy the previous school year and Gorecki was impressed with his work and had observed that Gutierrez "worked well with staff, had a good rapport with students, staff and parents, was well organized, and had good classroom management and communication skills." Despite Gutierrez's impressive performance, Gorecki had to close his position because he had the least seniority. At that point, Gorecki decided to offer the library position to Gutierrez because he was familiar with and impressed by Gutierrez and wanted to keep him on the staff. Gutierrez was no more than 25 years old when he accepted the librarian position as a temporarily assigned teacher.

Plaintiff alleges she was discriminated against because of her age in not being offered the librarian position over Gutierrez.

**DISCUSSION**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Sirvidas v. Commonwealth Edison Co., 60 F.3d 375, 377 (7th Cir. 1995). When there is no direct evidence of age discrimination, plaintiff must proceed under the indirect burden-shifting method. Id. (referring to the burden shifting method of proof set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The burden-shifting method begins with the burden on the plaintiff to demonstrate a prima facie case for age discrimination. Id. To demonstrate a prima facie case, plaintiff must establish that she: (1) was a member of the protected class[2]; (2) applied for a position or a transfer for which she was qualified; (3) was not hired; and (4) a substantially younger person who was similarly situated was hired instead. Zaccagnini v. Charles Levy Circ. Co., 338 F.3d 672, 675 (7th Cir. 2003).

Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason" for its hiring decision. Sirvidas, 60 F.3d at 377-78. A legitimate, non-discriminatory reason refers to an actual reason for the employer's action that is not based on discriminatory motives such as race or age. See Furnco Const. Corp v. Waters, 438 U.S. 567, 577-78 (1978).

If the employer provides a legitimate, non-discriminatory reason for its action, the burden then shifts back to plaintiff to show that the employer's proffered reason is merely pretext for age discrimination. Sirvidas, 60 F.3d at 378. A plaintiff must show that the employer's

---

[2]The protected class under the ADEA is 40 years or older. Johnson v. Zema Systems Corp., 170 F.3d 734, 746 (7th Cir. 1999).

proffered reason is "unworthy of credence." Driskell v Continental Cas. Co., 961 F.Supp. 1184, 1187 (N.D. Ill. 1997). Pretext means more than a mistake on the part of the employer; pretext "means a lie, specifically a phony reason for some action." Wolf v. Buss (America) Inc., 77 F.3d 914, 919 (7th Cir. 1996). To defeat a motion for summary judgment, plaintiff must produce enough evidence from which "a rational fact-finder could infer that the company's proffered reasons were pretextual." Sirvidas, 60 F.3d at 378.

Plaintiff has no problem establishing a prima facie case of age discrimination. Because she was 59 at the time of the alleged discrimination she was in the protected age group of over 40 years old. Her extensive work history as a librarian made her qualified for the position. She was not hired and someone substantially younger was given the position. Defendant attempts to argue that plaintiff and Gutierrez were not similarly situated because Gutierrez had a good work history as a teacher for the Board of Education of City of Chicago, and specifically under Principal Gorecki, and plaintiff did not. The position at issue was for librarian, however, and Gutierrez did not have experience as a librarian. In fact, Gutierrez was not even certified to work as a librarian at the time he was hired, and his acceptance of the position was predicated on him completing the requirements for a State of Illinois certificate in library/media. Plaintiff had 25 years of experience working in schools as a librarian. She certainly can make a case she was the more qualified applicant, leading to a presumption of discrimination.

Defendant has, however, articulated a legitimate reason for Gutierrez's selection. Principal Gorecki essentially made a strategic business decision in offering the librarian position to Gutierrez instead of plaintiff. Because Gorecki had been impressed with Gutierrez's teaching

4

skills and did not want to lose him, he offered Gutierrez the library position as a temporarily assigned teacher.

Although one may question the wisdom in Gorecki's decision, that is not a job for the court. It is sufficient for defendant to offer a non-discriminatory reason so long as it is the honest and actual reason for defendant's action. See Mills v. Health Care Serv. Corp., 171 F.3d 450, 458-59 (7th Cir. 1999). Gorecki has stated numerous times the impressive qualities Gutierrez exhibited in his work at Kennedy. It is obvious (and plaintiff does not dispute) that Gorecki honestly felt Gutierrez was a valuable commodity to the school and offered him the librarian position to keep him as a teacher. That decision appears to have been based on Gutierrez's qualifications and not any illegitimate or discriminatory reasoning.

Plaintiff has not offered any evidence to show that defendant's reasoning for hiring Gutierrez was a pretext for age discrimination. She relies solely on the fact that she had much more experience than Gutierrez at the time of the hiring process. This helps to prove plaintiff's qualifications for the position, but it does not offer any evidence that could support a finding that Gorecki ultimately based his hiring decision on an age discriminatory basis.

Indeed, although Gorecki initially dismissed plaintiff as a viable candidate based on qualifications, defendant has never suggested that Gutierrez was more qualified for the library position than was plaintiff. Defendant's position is that once Gorecki learned that he had to let Gutierrez go as a teacher, the landscape changed. At that point Gorecki made the decision to use the librarian position as a means to retain a teacher he did not want to lose from his staff. Once that decision was made, the candidates' qualifications as a librarian became irrelevant. That was

5

a legitimate business decision, and absent any evidence that it was based on the age difference between Gutierrez and plaintiff, one that this court must accept as non-pretextual.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is granted.

**ENTER:** December 29, 2011

_____
**Robert W. Gettleman
United States District Judge**